White, C. J.
The judgment of the court of common pleas was properly reversed by the district court.
Before the commissioners could order the improvement the petition therefor was required- to be signed by a majority of the land-holders resident of the county whose lands were to be assessed to pay for the same; and the report of the .viewers was required to show the public necessity of the improvement. ITpon these conditions being complied with, and the other steps taken which the statute requires, the commissioners were authorized, if, in their opinion, public utility required it, to enter upon their records “ an order that the improvement he made.”
These conditions were prescribed for the protection of the land-holder, and of this protection he can not be deprived by the commissioners.
Where a specific improvement is petitioned for, and its public necessity found by the viewers, to allow the commissioners to make only a small fraction of the improvement, and to levy an assessment to pay for it, will in effect
*468 deprive the land-holcler of the protection intended by the-provisions referred to.
The improvement petitioned for and reported upon was an entirety, and for the part made, disconnected from the-remainder, the land-holders were not liable to be assessed.
The principle laid down in the case of Cincinnati v. The Cincinnati and Spring Grove Avenue Company, 26 Ohio St. 345, applies to this case.

Leave refused.